

JUN 6 2000 JK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BALEVA M. WARD,<br><br>    Plaintiff,<br><br>  v.<br><br>RANDY ROGERS, et al.,<br><br>    Defendants. | CASE NO. C00-821Z<br><br>ORDER DENYING SERVICE AND GRANTING LEAVE TO AMEND |

  The Court, having reviewed the complaint and record, does hereby find and ORDER that the complaint is defective for the following reasons:

  (1) The complaint fails to state a claim of constitutional dimensions. In order to state a claim under 42 U.S.C. §1983, a complaint must allege that (1) the defendants acted under color of state law, and (2) their conduct deprived plaintiff of a constitutional right. Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F. 2d 1350, 1354 (9th Cir. 1985)(en banc); cert. denied, 478 U.S. 1020 (1986). Section 1983 of itself creates no substantive rights, but only provides a means of enforcing federal rights that have been conferred elsewhere. Graham v. Connor, 490 U.S. 386, 394 (1989).

  (2) The essence of plaintiff's claim is that following a 1998 domestic dispute, various individuals lied and otherwise conspired to have plaintiff arrested, because the victim is the step-daughter of a "federal agent." The complaint is rife with innuendo but devoid of any factual allegations regarding constitutional violations. As relief, plaintiff requests an investigation and unspecified damages "for

ORDER DENYING SERVICE AND
GRANTING LEAVE TO AMEND - 1

3

what they have done to me and my life." However, the court does not conduct investigations, and plaintiff's request for damages is so vague that it cannot be addressed. Moreover, no claim for damages arising from plaintiff's conviction is cognizable in a § 1983 action unless and until that conviction has been expunged or reversed. See, Heck v. Humphrey, 512 U.S. 477, 486 (1994).

(3) Accordingly, the Court declines to order that the complaint be served on defendants. Plaintiff may file an amended complaint curing the above-mentioned defect within thirty (30) days of the date of this Order. The amended complaint must contain the same case number as this one, and sufficient copies must be provided for service on each of the defendants. Should an amended complaint not be timely filed, the action will be dismissed.

(4) The Clerk is directed to send plaintiff a copy of this Order and the appropriate § 1983 forms so that he may file an amended complaint.

DATED this 5 day of June 2000.

RICARDO S. MARTINEZ
United States Magistrate Judge

ORDER DENYING SERVICE AND
GRANTING LEAVE TO AMEND - 2